NEWSPAPER READERS SERVICE, Inc. v. CANONSBURG POTTERY CO.

Civil Action No. 2307.

United States District Court
W. D. Pennsylvania.
Nov. 5, 1948.

Vincent M. Casey and Margiotti & Casey, all of Pittsburgh, Pa., for plaintiff.

William G. Heiner, of Pittsburgh, Pa., for defendant.

McVICAR, District Judge.

This is an action to recover damages for breach of a written contract between the defendant and the plaintiff, assignee of S. R. Taylor trading as S. R. Taylor Co.

This case was before the Third Circuit Court of Appeals on the question whether the offer and acceptance set forth in Exhibits A and B attached to the complaint constituted a contract by the parties thereto. The Court held that it did. The case is reported in 146 F.2d 963.

The action was referred to a Special Master to make findings of fact, conclusions of law, and to recommend that judgment which should be entered in accordance with the law.

The Special Master filed his report January 17, 1947, which contains sixty-eight findings of fact and ten conclusions of law together with recommendation that judgment be entered for plaintiff in the sum of $1 and costs of suit. Both plaintiff and defendant filed objections thereto. On January 22, 1948, this Court recommitted the Special Master's report, together with the objections thereto, to the Special Master with instructions that as to objections based on failure to find facts, to find the facts if such facts should be found under the law and the evidence, if such facts should not be found, to state the reason or reasons therefor, also to state as to objections made to facts found, whether each finding is in accordance with the weight of the evidence, with direction that if the instructions above given require any additional or changed conclusion or conclusions of law, to report the same.

On May 22, 1948, the Special Master made his report under the order of the Court made January 22, 1948. Objections

were filed to the Special Master's report filed May 22, 1948, by both plaintiff and defendant. The case is now before the Court and a hearing was held on the Special Master's reports and the objections thereto filed by the plaintiff and the defendant.

■ Plaintiff's objections 1 to 24, inclusive, are to findings of fact made by the Special Master. Plaintiff has not specified wherein the findings objected to are erroneous, and for the reasons given by the Special Master in his report, these objections are overruled. Plaintiff's objections Nos. 30-41, inclusive, are to the Special Master's failure to find facts. The Special Master, in pursuance to these objections, filed two additional findings of fact Nos. 69 and 70, inclusive. The other findings requested are overruled for the reason given by the Special Master in his report. The Special Master, in pursuance to the defendant's objections to his findings of fact, found two additional findings which are numbered 71 and 72.

Both plaintiff and defendant, in their objections, included conclusions of law made by the Special Master. The Special Master, in his report, made ten conclusions of law which are lettered from "A" to "J," inclusive. In his conclusions of law he has found that this Court has jurisdiction of the subject matter and the parties, that Exhibits A and B attached to the complaint contain a valid written contract, that said contract is not vitiated by any fraud on the part of S. R. Taylor, that the assignment by S. R. Taylor to the plaintiff was valid, that defendant breached said contract, that the loss of profits which the plaintiff might have gained by selling such dinnerware in the manner and by the means contemplated was, under the circumstances, too remote to be deemed a loss directly and naturally resulting in the ordinary course of events and that damages measured by such loss cannot be awarded, that no evidence having been offered to show damages measured other than by the profit which plaintiff might have gained by selling the dinnerware in the manner and by the means mentioned, substantial damages cannot be awarded and that plaintiff is entitled to recover for defendant's breach of contract nominal damages with costs.

■ The conclusions of law of the Special Master, in my judgment, cover the law applicable to the issues in this case. They are sustained by the facts as found and the law, as more fully appears in the Master's report. I therefore conclude that the judgment recommended for nominal damages be entered in favor of the plaintiff.